### No. 1,325.

#### THE STATE OF LOUISIANA VS. SUMMER MILLER.

In charging the law to the jury in a criminal trial the judge will not be coerced to embody the law in the language or form suggested by counsel. If, in his own way and language, the judge gives the substance of the charge requested, he has done his duty to the State and to the accused, and his ruling will not be disturbed on appeal.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. Read, J.

J. C. Gibbs. District Attorney, for the State, Appellee.

W. F. Schwing for defendant and Appellant.

The opinion of the court was delivered by

POCHÉ, J. Defendant appeals from a conviction of murder and a sentence of death. His sole complaint is at the refusal of the trial judge to give the following special charge :

" The jury have a perfect right, when they are satified that the accused is guilty of murder, to render the verdict of guilty, without capital punishment.

" The law makes it no more a duty of the jury to find an unqualified verdict of guilty, than to find a qualified verdict of guilty without capital punishment. That, Section 1000, of the Revised Statutes, authorizing a verdict of guilty without capital punishment, is of equal authority with Section 784, Revised Statutes, making the punishment death. Both are law and must be construed together."

The bill shows that on this point, the judge had already charged the jury as follows :

" If you are conclusively satisfied, under instructions already given you, that the accused wilfully and of his malice aforethought (did) kill John Younger as laid in the bill of indictment, your verdict should be guilty (to) which if in your judgment you think it right, you may add without capital punishment.

" The jury have a perfect right when they are satisfied that the accused is guilty of murder, to render à verdict guilty without capital punishment."

A comparison of the two utterances show at once that both contain the same thought and embody the same rule of law in substance.

The argument of counsel for defendant is simply an effort to establish a distinction where there is no difference, hence it has no force whatever.

He had no warrant in law, justice or common sense to require the judge to use his own language in charging the law to the jury.

The rule has long since been settled as follows:

"The trial judge, who embodies in his charge, the substantial mean-

ing of an established principle of law invoked by the accused, and thus correctly expounds the accepted doctrine involved in the matter, has done his duty both to the State and to the accused. Nothing more can be required of him. No rule of law or of criminal jurisprudence can exact of a judge the adoption of the very language suggested by counsel for the accused in a charge which the latter may seek from the court." State vs. Porter, 35 Ann. 1159; State vs. Wright, 41 Ann. —.

Judgment affirmed.